*E-filed on    4/14/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMAR EVANS, | No. C-03-05420 RMW |
| Plaintiff, | ORDER DIRECTING SERVICE OF AMENDED COMPLAINT; DENYING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AND SANCTIONS |
| v. | |
| UNKNOWN NAMES OF DEPARTMENT OF CORRECTIONS OFFICERS, and SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS, | |
| Defendants. | **[Re Docket Nos. 62, 64, 66]** |

The Santa Clara County Department of Correction ("DoC"), on behalf of all defendants, has moved to dismiss Jamar Evans's amended complaint under Federal Rule of Civil Procedure ("Rule") 4(m) for failure to properly serve his amended complaint. Evans has moved for default judgment and sanctions against the defendants. These motions are currently set for hearing on April 28, 2006, but will be deemed submitted on the papers as of today. No hearing or appearance is necessary.

Over two years ago, on December 3, 2003, Evans filed a complaint against six unknown officers of the DoC. Evans alleged that the officers beat him unnecessarily during a booking, then stripped and chained him. The court granted him leave to proceed *in forma pauperis* and authorized the U.S. Marshal to serve the summons and complaint. The U.S. Marshal served Evans's original

complaint. Evans subsequently amended his complaint, adding the DoC as a defendant.

The U.S. Marshal did not serve the DoC with Evans's amended complaint. Evans has made several attempts to effect service himself, which, according to the DoC, have been insufficient.[1] Neither party raised the issue of service by the U.S. Marshal in connection with the DoC's previous motions to dismiss under Rule 4(m). The DoC, as a new defendant, must be properly served with Evans's amended complaint to be made a proper party to this action; therefore, the court directs the U.S. Marshal to serve a summons and Evans's amended complaint on Edward Flores[2] as the head of the DoC. Such service should obviate the need for the court to hear the DoC's pending motion to dismiss, and the court denies the DoC's motion to dismiss without prejudice to moving for dismissal again if warranted.

Evans moves for default judgment against the "defendant(s)." As no defendant has properly been made a party to this action, none can be in default. Evans's motion for default judgment is denied.

Evans moves for sanctions against the "defendant(s)" for alleged violations of Rule 1. Rule 1 provides that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Rule 1's command is directed to the interpretation of the rules, not, as Evans seemingly believes, to the conduct of litigants.[3] The DoC has not, by insisting that Evans comply with Rule 4(m), committed a sanctionable infraction. Evans's motion for sanctions is denied.

---

[1] Rule 4(j)(2) requires service of a state or local government entity to be made upon its "chief executive officer" or "in the manner prescribed by the law of that state." In California, the pertinent state law is California Code of Civil Procedure § 416.50, which states that a "public entity" may be served "by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Evans's most recent attempt at service was on Sergeant D. Vasquez.

[2] The DoC website lists Edward Flores as "Chief of Correction." *See* http://www.sccgov.org/portal/site/doc/menuitem.244564f66e6d425580b558bb35cda429/?path=%2Fv7%2FCorrection%2C%20Department%20of%20%28DEP%29%2FAdministration

[3] Litigants and their attorneys should, nonetheless, conduct themselves to ensure just, speedy, and inexpensive determination of actions.

**ORDER**

For the foregoing reasons, the court

(1) deems the DoC's motion to dismiss and plaintiff's motions for default judgment and sanctions submitted on the papers;

(2) directs the U.S. Marshal to serve a summons and Evans's amended complaint on Edward Flores as the head of the DoC;

(3) denies the defendants' motion to dismiss under Rule 4(m) without prejudice;

(4) denies the plaintiff's motion for default judgment; and

(5) denies the plaintiff's motion for sanctions.

DATED:    4/14/06                                /s/ Ronald M. Whyte
                                                 RONALD M. WHYTE
                                                 United States District Judge

ORDER DIRECTING SERVICE OF AMENDED COMPLAINT; DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AND SANCTIONS—No. C-03-05420 RMW
JAH                                              3

**A copy of this order was mailed on _____ to:**

**Plaintiff (*pro se*):**

Jamar Evans
114 Kim Avenue
Atwater, CA 95301

**Counsel for Defendants:**

Michael L. Rossi
Office of the County Counsel
70 West Hedding Street
Ninth Floor, East Wing
San Jose, CA 95110-1770

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.