*E-filed on*   1-3-07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMAR EVANS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN NAMES OF DEPARTMENT OF CORRECTIONS OFFICERS, and SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS,<br><br>　　　　Defendants. | No. C-03-05420 RMW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES<br><br>**[Re Docket Nos. 84, 96]** |

　　　Plaintiff Jamar Evans "demurs" and moves to strike the nineteen affirmative defenses set forth in the answer of defendant Santa Clara County Department of Corrections.[1]

　　　In its answer, defendant pleads the following affirmative defenses: (1) failure to state a claim, (2) comparative fault, (3) comparative fault of third person, (4) lack of actual causation, (5) lack of proximate causation, (6) discretionary immunity, (7) failure to mitigate, (8) estoppel, (9) waiver, (10) unclean hands, (11) lack of malice, willfulness or fraud, (12) governmental immunity to punitive damages, (13) acts were in good faith, (14) assumption of risk, (15) privileged use of force,

---

[1] On October 31, 2006, the court granted a similar motion to strike in plaintiff's unrelated suit against the Santa Clara County Probation Department, case no. C 06-03299. The defendant subsequently filed an amended answer, which includes as affirmative defenses items the court previously indicated were not affirmative defenses, such as failure to state a claim. Plaintiff has filed another motion to strike, which is set for hearing January 26, 2006.

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES—No. C-03-05420 RMW
JAH

1  (16) probable cause for detention, (17) the force used was necessary to prevent injury or escape,

2  (18) no policy, custom or practice, and (19) frivolous and vexatious prosecution.

3      Many of these purported affirmative defenses are not affirmative defenses.[2] The ones that

4  might be, (2), (3), (6), (8), (9), (10), (12), (14), (16), and (17), appear to have no application to this

5  action. The ones that may apply are so devoid of any facts that they give no effective notice to

6  plaintiff of the basis for the affirmative defenses. Although defendant points out that plaintiff's

7  motion to strike is untimely under Rule 12(f), defendant overlooks that under the same rule material

8  may be stricken by the court on its own motion at any time.[3] This type of shotgun pleading is

9  unacceptable. All affirmative defenses are stricken. Defendant is given twenty days' leave to file an

10 amended answer properly asserting any applicable affirmative defense and the factual basis for each.

13 DATED: 1/3/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

---

[2] Examples of affirmative defenses are listed in Rule 8(c).

[3] While it might be more poetic to strike defendant's motion to strike plaintiff's motion to strike, that motion is merely denied.

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES—No. C-03-05420 RMW
JAH     2

**A copy of this order was mailed on _____ to:**

**Plaintiff:**

Jamar Evans
P.O. Box 25
Atwater, CA 95301

**Counsel for Defendant:**

Neysa A. Fligor
Office of the County Counsel
70 West Hedding, East Wing, Ninth Floor
San Jose, California 95110–1770

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

**Dated:** _____

**Chambers of Judge Whyte**