NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMAR EVANS, | No. C03-05420 RMW (HRL) |
| Plaintiff, | **ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS; AND (2) PERMITTING LIMITED EXPEDITED DISCOVERY** |
| v. | |
| UNKNOWN NAMES OF DEPARTMENT OF CORRECTIONS OFFICERS and SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS, | |
| | **[Re: Docket Nos. 81, 91, 93]** |
| Defendants. | |

On December 3, 2003, plaintiff Jamar Evans, who is proceeding *pro se* and *in forma pauperis*, filed the instant civil rights action against several (as yet unidentified) officers of the Santa Clara County Department of Corrections ("DOC"). He alleges that while being booked on or about April 2, 2003, he was unnecessarily assaulted and battered by those officers. On August 5, 2004, he filed an amended complaint adding the DOC as a defendant. Plaintiff seeks $500 billion in damages.

He now moves for an order compelling defendants to answer interrogatories. There are two sets of interrogatories at issue: (1) "Interrogatories to Employer" and (2) "Interrogatories to [I]ndividual [O]fficer(s)." He also moves for an award of $20,500,000 in discovery sanctions for defendants' alleged failure to respond to these interrogatories. The DOC opposes the

1  motions.[1] The matter, which was referred to the undersigned for disposition, has now been fully
2  briefed and is deemed appropriate for determination without oral argument pursuant to Civil
3  Local Rule 7-1(a). Having considered the moving and responding papers filed by the parties,
4  this court denies plaintiff's motion to compel as well as his motion for sanctions. However, for
5  the reasons stated below, it will order the DOC to provide some discovery now as to the
6  identities of the officers involved in the alleged incident.

7  Plaintiff says that the interrogatories at issue were propounded over two years ago on
8  January 1, 2004. He has submitted receipts which he claims are proof that the interrogatories
9  were served by mail on January 5, 2004 and again on April 20, 2004. Because no answers to
10 those interrogatories have ever been served, he argues that defendants must be compelled to
11 answer the interrogatories now without objection and should also be ordered to pay monetary
12 sanctions for the alleged failure.

13 However, the record presented indicates that the interrogatories in question were
14 prematurely served. The DOC was not added as a defendant to this lawsuit until plaintiff filed
15 his amended complaint on August 5, 2004 and was not served with that complaint until June
16 2006 – i.e., well after he claims to have served the interrogatories in question. Moreover, the
17 individual officer defendants have not yet been identified and therefore cannot now be (1)
18 compelled to provide the requested discovery or (2) sanctioned for failing to do so. Further,
19 "[e]xcept in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E),
20 or when authorized under these rules or by order or agreement of the parties, a party may not
21 seek discovery from any source before the parties have conferred as required by Rule 26(f)."
22 FED.R.CIV.P. 26(d); see also Fed.R.Civ.P. 33(a) ("Without leave of court or written stipulation,
23 interrogatories may not be served before the time specified in Rule 26(d)."). Here, the DOC

---

[1] The DOC objected that plaintiff's motion for sanctions was not filed in compliance with this court's Civil Local Rules, which require that such motions be separately filed. See CIV. L.R. 7-8 and 37-3. Although plaintiff initially requested sanctions as part of his motion to compel, he subsequently filed what appears to be a separate motion for sanctions pertaining to the instant discovery dispute (see Docket No. 93). The DOC has filed briefs opposing each motion (see Docket Nos. 88 and 95). This court has accepted and considered all of the papers submitted by the parties in connection with the instant discovery dispute.

2

1  asserts that the parties have not yet held their Fed.R.Civ.P. 26(f) conference, and plaintiff offers
2  no information to the contrary.  He seems to suggest that the discovery at issue is part of the
3  initial disclosure requirement under Fed.R.Civ.P. 26(a).  However, the interrogatories in
4  question appear to go beyond the scope of initial disclosures.  Interrogatories are, at any rate,
5  governed by Fed.R.Civ.P. 33.

6  Additionally, although the record before this court shows that plaintiff conferred with
7  County counsel about the requested discovery several times in 2004 and 2005, there is no
8  indication that he met-and-conferred with defense counsel at any time after the DOC was served
9  with the amended complaint in June 2006 and before he filed the instant motions.  See
10 Fed.R.Civ.P. 37(a)(2)(B) ("The motion [to compel] must include a certification that the movant
11 has in good faith conferred or attempted to confer with the party failing to make the discovery
12 in an effort to secure the information or material without court action."); see also Civ. L.R. 37-1
13 ("The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute
14 unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting
15 to resolve all disputed issues.").

16 Accordingly, plaintiff's motion to compel and motion for sanctions are denied.  This
17 court nevertheless declines to strike plaintiff's interrogatories or to find that he has waived the
18 right to pursue the discovery, as requested by the DOC.  Here, the DOC apparently takes the
19 position that plaintiff's interrogatories and motions are premature *and* too late.  The DOC
20 cannot have it both ways.

21 However, plaintiff is advised that, absent leave of court or written stipulation, he may
22 not serve more than 25 interrogatories, including all discrete subparts, on each party.  See
23 Fed.R.Civ.P. 33(a) ("Without leave of court or written stipulation, any party may serve upon
24 any other party written interrogatories, not exceeding 25 in number including all discrete
25 subparts . . ..").  Contrary to plaintiff's assertion, a party is not obliged to file a motion with the
26 court before it may assert an objection to interrogatories which exceed the presumptive limits
27 set by the Federal Rules.  The court suggests that, once discovery is open, plaintiff resubmit
28 interrogatories which comply with the rules.

3

1    Although the court concludes that plaintiff's interrogatories and motions are premature,
2 based upon its review of the record, it also finds that the interests of justice weigh in favor of
3 permitting plaintiff to obtain some discovery now for the limited purpose of ascertaining the
4 identities of the unknown defendant officers. A court may, for good cause shown, determine
5 whether expedited discovery is warranted, balancing the benefit to the requesting party against
6 the possible prejudice or hardship on the responding party. See Semitool, Inc. v. Tokyo
7 Electron America, Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002). "Good cause may be found
8 where the need for expedited discovery, in consideration of the administration of justice,
9 outweighs the prejudice to the responding party." Id. at 276. The practice of suing Doe
10 defendants is generally disfavored in the Ninth Circuit. However, in cases where the identity of
11 the alleged defendant is not known before the filing of a lawsuit, "'the plaintiff should be given
12 an opportunity through discovery to identify the unknown defendants, unless it is clear that
13 discovery would not uncover the identities, or that the complaint would be dismissed on other
14 grounds.'" Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v.
15 Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

16    Here, plaintiff asserts that (1) in January 2005, the DOC provided him with a videotape
17 showing the individual officers involved in the alleged incident; and (2) on February 3, 2005, he
18 served a subpoena on County counsel, seeking documents identifying "[t]he true, accurate,
19 and/or correct names of the defendants . . . seen in the video taped footage sent to plaintiff on
20 January 24, 2005 sent by your office." (See Reply, Docket No. 92, Attachment 7). In response,
21 counsel apparently took the position that the above-referenced videotape was sent to plaintiff,
22 not in connection with any discovery request propounded in this lawsuit, but pursuant to a
23 request he made under the California Public Records Act. (See id., Attachment 8). He further
24 objected that defendants would be prejudiced by having to respond to the subpoena because the
25 complaint and summons had not yet been properly served. (See id.).

26    Plaintiff asserts that he needs some discovery now in order to ascertain the identities of
27 the as-yet unknown officer defendants. It is not clear exactly what the videotape from the DOC
28 shows. However, plaintiff's papers suggest that the tape was filmed on the day of the alleged

4

incident and that it shows the officers involved. Some discovery now may well uncover their identities. Moreover, in the last three years since the instant action was filed, it seems that plaintiff has attempted to ascertain, from several sources, the true names of the individual officers involved in the alleged incident – to no avail. (See Reply, Docket No. 92, Attachments 7-8, 12-15). It is not for the undersigned judge to say whether plaintiff's complaint would withstand dismissal even if the unknown officers are identified. Nevertheless, plaintiff's efforts to proceed in this litigation have been hampered, to some extent, by his inability to ascertain the identities of the unknown officers. To the extent that the parties have not yet held their Fed.R.Civ.P. 26(f) conference, this court emphasizes that it is not now authorizing plaintiff to now seek wide-ranging discovery. However, the DOC will not be prejudiced by providing discovery which seeks only the identities of the officers on the videotape it provided. Indeed, it has been on notice for over a year that plaintiff has been seeking this information.

Based on the foregoing, IT IS ORDERED THAT:

1.  Plaintiff's motion to compel interrogatory answers and motion for sanctions are DENIED as premature.

2.  The DOC shall provide discovery to plaintiff now as follows: **No later than January 19, 2007**, the DOC shall conduct a reasonable inquiry and serve affidavit(s) from appropriate person(s) providing the identities of:

    a.  the officers shown on the videotape sent to plaintiff on January 24, 2005; and
    b.  the officer(s) who were involved in booking plaintiff on April 2, 2003 or had contact with him at or around that time.

IT IS SO ORDERED.

Dated: January 3, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

1 | **A copy of this document will be mailed to:**

Jamar Evans
Post Office Box 25
Atwater, CA 95301

Neysa A. Fligor
Office of the County Counsel
70 West Hedding Street, East Wing, 9th Fl
San Jose, CA 95110

Dated:   1/3/07                             /s/
                                   Chambers of Magistrate Judge Lloyd