*E-filed on* 11/29/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMAR EVANS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN NAMES OF DEPARTMENT CORRECTION OFFICERS,<br><br>    Defendants. | No. C-03-05420 RMW<br><br>ORDER DENYING MOTION TO DISQUALIFY JUDGE<br><br>**[Re Docket No. 133]** |
| JAMES EVANS,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA PROBATION DEPARTMENT,<br><br>    Defendant. | No. C-06-03299 RMW<br><br>ORDER DENYING MOTION TO DISQUALIFY JUDGE<br><br>**[Re Docket No. 61]** |

On November 19, 2007, plaintiff filed a "Notice of Motion" resubmitting an "Affidavit of Prejudice, U.S. Judicial Code § 21" that plaintiff initially mailed on July 29, 2007. It is unclear whether plaintiff seeks relief under section 21 of the Code of Judicial Conduct or under the recusal and disqualification statutes, 28 U.S.C. §§ 144, 455. Because relief is not generally available under section

ORDER DENYING MOTION TO DISQUALIFY JUDGE—C-03-05420 RMW
MAG

21 of the Code of Judicial Conduct, the court will treat plaintiff's motion as a motion to disqualify the undersigned.

28 U.S.C. § 144 provides for recusal where a party files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party; 28 U.S.C § 455 provides that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding."

"The standard for recusal under 28 U.S.C. §§ 144, 455 is whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986) (quotations omitted). As stated in previous orders denying plaintiff's motions to disqualify the undersigned, the court's adverse rulings are not an adequate basis for recusal. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999). The alleged prejudice warranting recusal "must stem from an extrajudicial source." *Taylor v. Regents of University of California*, 993 F.2d 710, 712 (1993). "A judge's prior adverse ruling is not sufficient cause for recusal." *Id.* (alterations omitted).

Here, plaintiff's affidavit sets forth that the court's recent orders overruling plaintiff's objections to rulings made by the discovery judge demonstrate "prejudice and bias" against plaintiff because they (1) were not delivered to the plaintiff until 14 days after they were signed; (2) upheld the order of the discovery judge on the basis that the evidence and argument before the judge supported the ruling made by the judge; and (3) reminded plaintiff that he should make sure he properly captions his pleadings because he has multiple cases pending. Plaintiff asserts that the fact that the court itself miscaptioned orders by utilizing the same defendants' names for orders in both cases further demonstrates this court's extreme bias and prejudice against him.

ORDER DENYING MOTION TO DISQUALIFY JUDGE—C-03-05420 RMW
MAG

Because plaintiff's motion for recusal is based solely on adverse rulings and there is no allegation of bias from an external source, plaintiff's affidavit is legally insufficient to support recusal. Accordingly, plaintiff's motion seeking recusal of the undersigned is DENIED.

DATED:     11/28/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

**Counsel for plaintiff:**

Jamar Evans
Post Office Box 25
Atwater, CA 95301
PRO SE

**Counsel for defendant:**

Neysa A. Fligor
Office of the County Counsel
70 West Hedding Street
Ninth Floor, East Wing
San Jose, CA 95110
Email: neysa.fligor@cco.sccgov.org

Date:   11/29/07                         /s/ MAG
                                         Chambers of Judge Whyte

ORDER DENYING MOTION TO DISQUALIFY JUDGE—C-03-05420 RMW
MAG