*E-filed on* 9/11/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMAR EVANS,<br><br>        Plaintiff,<br><br>        v.<br><br>UNKNOWN NAMES OF DEPARTMENT CORRECTION OFFICERS; and SANTA CLARA DEPARTMENT OF CORRECTIONS,<br><br>        Defendants. | No. C-03-05420 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket No. 136]** |

On February 5, 2008, defendant Santa Clara Department of Corrections ("the County") filed a motion for summary judgment. Plaintiff Jamar Evans ("Evans") did not file a written opposition, nor did he appear at the hearing held on March 14, 2008. For the reasons set forth below, the motion will be granted.

## I. BACKGROUND

On December 3, 2003, Evans, proceeding *pro se,* filed a complaint against six unknown officers of the Department of Corrections. Evans alleged that on or about April 2, 2003, he was assaulted by five or six correctional officers when he was housed at the Santa Clara County Main Jail. Evans alleges these officers beat him unnecessarily during a booking, then stripped him and chained him for a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT—C-03-05420 RMW
JSS

1  prolonged period of time. Evans alleges that these officers used excessive force on him and thereby
2  violated his civil rights. The complaint can be read to include causes of action under 42 U.S.C. § 1983,
3  as well as for battery and some form of emotional distress. Evans seeks $500 billion dollars in damages.

4  Without serving the complaint, Evans subsequently moved for default judgment against all of
5  the unnamed defendants, which the court denied on April 14, 2004. Evans filed an amended complaint
6  of August 5, 2004 and added the County as a defendant. Evans again proceeded to file several
7  additional motions for default judgment, which the court again denied because Evans had not served
8  his amended complaint on any defendant. The County subsequently moved to dismiss Evans's
9  complaint under Rule 4(m) because Evans had not effected valid service upon any defendant. Because
10 of Evans *pro se* status, the court denied the County's motion on April 14, 2006. The court directed the
11 U.S. Marshal to serve the County. The U.S. Marshal served the County on June 12, 2006. The County
12 filed an answer on July 5, 2006. The County denied Evans's allegations.

13 The parties then sought to resolve several discovery disputes before the magistrate judge
14 assigned to this case, including a motion to compel by Evans. Specifically, Evans sough to compel the
15 County to produce a copy of a surveillance tape from the night he was booked into the Department of
16 Corrections. The magistrate judge denied Evans's motion to compel on the basis that the evidence and
17 argument before the magistrate judge demonstrated that Evans had agreed to withdraw his discovery
18 request and resubmit it after the parties had officially met and conferred. Evans appealed the magistrate
19 judge's decision under Fed. R. Civ. Pro. 72. The court denied the request, finding that the magistrate
20 judge's decision was neither clearly erroneous nor contrary to law. Thereafter, Evans sought to
21 disqualify the undersigned. Evans asserted that the undersigned exhibited prejudice and bias based on
22 the court's orders overruling Evans's objections to rulings made by the discovery judge. On November
23 28, 2007, the court denied Evans's motion for recusal because it was based solely on adverse rulings
24 and there was no allegation of bias from an external source.

25 On February 5, 2008, the County moved for summary judgment with regard to all the claims of
26 the amended complaint. Evans did not oppose motion. The court heard oral argument on the matter on
27 March 14, 2008. Evans did not appear at the hearing. The court indicated at the hearing that it was
28 granting grant summary judgment. Following this hearing, on April 8, 2008, Evans filed a document

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT—C-03-05420 RMW
JSS
2

1  with the court entitled "Amendment To Claim For Personal Injuries (Gov. Code § 910.6 and § 915)."
2  On April 16, 2008, Evans filed a document entitled "Notice To Adverse Parties Of Filing Of Notice Of
3  Removal," in which he requests removal of this case to the Superior Court of California for the County
4  of Santa Clara.[1]

## II. LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson*, 477 U.S. at 248-49; *Barlow v. Ground*, 953 F.2d 1132, 1134-36 (9th Cir. 1991).

## III. DISCUSSION

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior*, *see Board of County Comm'rs v. Brown*, 520 U.S.

---

[1] These motions were filed after the hearing on the County's summary judgment motion. At the hearing, the court indicated it was granting summary judgment and the clerk's minutes state that summary judgment was granted. Therefore, Evans's filings after the date of the summary judgment motion hearing are untimely and the court will not address them. Further, they do no address the summary judgment motion but rather they appear to be an attempt to take this case out of federal court and proceed with it in state court. However, a plaintiff cannot amend his complaint after an answer has been filed without leave of court and cannot "remove" a case to state court that he filed in federal court..

397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995).

To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Here, Evans has alleged that the County and unserved and unknown officers working for the Santa Clara County Department of Corrections violated his civil rights while he was being booked at the Main Jail on April 2, 2003. He has claimed that these officers used excessive force by assaulting him, stripping him of his clothing and chaining him up for a long period of time in a solitary holding cell.

The County first asserts that Evans has not presented any evidence showing that the County or the unknown officers engaged in the actions he claims were excessive force. The court is well aware that Evans has sought to obtain a tape from the date of the incident from the County that may present the evidence of the actions that Evans has alleged. The County has not produced this tape, potentially because Evans has not renewed his discovery request for it.

The County further asserts that even assuming that Evans could establish an underlying constitutional violation, his claims against the County fail because Evans has provided no evidence that the County had a policy, custom or practice that violated his constitutional rights. He has also produced no evidence that there was a failure to train officers at the Main Jail.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (1986) (quoting *Celotex*, 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Id.* In the instant case, Evans bears the burden at trial to prove his case. However, there is no evidence on the record to support Evans's allegations. Evans has produced no evidence that the battery occurred or that the County has a policy

1  that violated Evans's constitutional rights.  This may be in part because the County has not produced
2  the evidence and in part because Evans, proceeding *pro se*, does not understand the procedures he must
3  follow to proceed with his claim in court and has not followed through with discovery requests with the
4  County.  In any event, Evans has failed to respond to the County's motion or appear at the hearing.
5  Further, the County stated at the hearing that the County has not been in contact with Evans.

6  Evans only recent action has been to seek to have this court recused because he was unhappy
7  with an adverse ruling and to have this case "removed" to Superior Court.  Evans has presented no
8  evidence to support his case outside the allegations he makes in his complaint.  Accordingly, the court
9  grants the County's motion for summary judgment.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED.  Plaintiff's claims against the County are hereby dismissed.

DATED:     9/11/2008

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT—C-03-05420 RMW
JSS


**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

**Counsel for plaintiff:**

Jamar Evans
Post Office Box 25
Atwater, CA 95301
PRO SE

**Counsel for defendant:**

Kevin M. Hammon
Office of the County Counsel
70 West Hedding Street
Ninth Floor, East Wing
San Jose, CA 95110
Email: neysa.fligor@cco.sccgov.org

Date:   9/11/2008                          /s/ TSF
                                           Chambers of Judge Whyte

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT—C-03-05420 RMW
JSS