**E-FILED on**   04/28/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMAR EVANS,<br><br>        Plaintiff,<br><br>    v.<br><br>UNKNOWN NAMES OF DEPARTMENT CORRECTION OFFICERS,<br><br>        Defendants. | No. C-03-05429 RMW<br><br>ORDER DENYING RELIEF FROM JUDGMENT WITHOUT PREJUDICE<br><br>**[Re Docket No. 151]** |

      Plaintiff Jamar Evans ("Evans") representing himself moves for relief from this court's order granting defendant County of Santa Clara's (Department of Corrections) (herein "County") motion for summary judgment and judgment thereon. Both were entered on September 11, 2008. For the reasons stated below, the court denies the motion but without prejudice as more fully set forth herein.

## I. BACKGROUND

      Evans filed the instant lawsuit on December 3, 2003, alleging that six Department of Corrections Officers assaulted him when he was housed at the Santa Clara County Main Jail. Although Evans appeared to be attempting to bring a civil rights action against the officers involved

in his booking on April 2, 2003, he was unable to serve the officers because he did not know their identities. On January 24, 2004 the County provided Evans with a copy of a surveillance tape of the alleged incident. On August 5, 2004 the County (Department of Corrections) was added as a defendant. Following some disputes regarding service and the court's eventual order that the marshal serve the County, the County answered Evans' Amended Complaint on July 3, 2006. On January 3, 2007 the court ordered the County to provide plaintiff with the names of the officers involved. On February 1, 2007 the County provided Evans with those names. To date, Evans has not served any of the officers involved for reasons that are not clear although perhaps because he believes that service on the County is sufficient. The case has proceeded slowly in part due to motions and attempted appeals taken by Evans. In any event on February 5, 2008 the County moved for summary judgment with regard to all claims. After Evans did not oppose the motion or show up for the hearing on March 14, 2008, the court granted the County's motion for summary judgment. The court inadvertently did not file its written order on the motion until September 11, 2008. Between the filing of the summary judgment motion by the County on February 5, 2008 and the entry of judgment, Evans filed the following papers:

> February 20, 2008: Notice of Amended Complaint and Amended Complaint: The papers appear to seek amendment of the complaint to raise only state claims. No hearing date was requested in the notice.
>
> March 31, 2008: Amendment to Claim for Personal Injuries: The papers appear to be a claim against the County under the California Torts Claim Act.
>
> April 2, 2008: Letter to County's attorney: Appears to be a request that the County stipulate to sending the case to state court.
>
> April 24, 2008: Notice to Adverse Parties of Filing of Notice of Removal and Declaration of Jamar Evans: Appears to be an attempt to remove the case to state court.

Evans now moves, by way of his motion filed on September 25, 2008, for relief from the summary judgment based on fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. Pro. 60(b)(3). Evans so moves based on the allegation that he never received service of the County's motion for summary judgment. The County's proof of service shows mailing to Evans on February 5, 2008.

ORDER DENYING RELIEF FROM JUDGMENT WITHOUT PREJUDICE
No. C-03-05420 RMW
JAS                                          2

## II. ANALYSIS

### 1. Relief for Fraud or Misrepresentation

Under Rule 60(b)(3), the moving party must establish by clear and convincing evidence that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case. *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.* 791 F.2d 1334, 1338 (9th Cir. 1986).

In support of his motion, Evans argues that he never received the County's motion for summary judgment, that he has not been in contact with the County since 2007, and that the court has ignored his motions. Thus, he "contends fraud by either the County or the court" and further that "his ability to fully and fairly present his case has been substantially compromised." Mot. For Relief From Judgment Under Rule 60 at 2-3. In its opposition, the County contends that Evans was served with the motion for summary judgment and includes the motion's proof-of-service form, signed and declared to under penalty of perjury by Alexandra K. Weight. Opp. of County of Santa Clara to Mot. for Relief from Judgment or Order under Rule 60, Ex. H.

Evans' contention that he never received service of the motion for summary judgment does not make a sufficient case for fraud. Evans' motion asserts, based solely on an alleged failure of service, that "it is clear to Evans that someone . . . has attempted to fraud him into losing his right to recover damages by granting a summary judgment that was never serviced unto him." Mot. For Relief From Judgment Under Rule 60 at 4. Even if there was a failure to serve, this is not clear and convincing evidence of fraud. Evans has therefore not met his burden under Rule 60(b)(3) to justify relief.

### 2. Relief for Excusable Neglect

Evans does not seek relief based on Rule 60(b)(1). Nonetheless, the court will consider whether Evans' allegedly not having received service might constitute excusable neglect under that rule.

The court must consider four factors to determine whether conduct falls within Rule 60(b)(1): "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was

ORDER DENYING RELIEF FROM JUDGMENT WITHOUT PREJUDICE
No. C-03-05420 RMW
JAS                                         3

within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Mendez v. Knowles,* 535 F.3d 973, 980 (9th Cir. 2008) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993)).

Some circuits have interpreted these factors to extend excusable neglect to a particular set of factual situations. *See Prizevolts v. Indiana Bell Telephone Co.*, 76 F.3d 132 (7th Cir. 1996) (concluding that excusable neglect "refers to the missing of a deadline as a result of such things as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules.") The Ninth Circuit, though, requires the district court, with its more intimate knowledge of the case, to weigh the *Pioneer* factors to determine whether particular conduct constitutes excusable neglect. *Mendez v. Knowles*, 535 F.3d 973, 982 (9th Cir. 2008). In *Mendez*, a mailed notice of appeal had arrived late, but the court found the delay excusable, finding that counsel may still seek relief, even when they decide to "rely on the vagaries of the mail." In *Briones v. Riveria Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) the court held that a pro se plaintiff's failure to timely respond toa motion to dismiss did not necessarily foreclose finding that his neglect was excusable and that judgment against him thus should be set aside.

Assuming that Evans never received any notice of the motion for summary judgment in the mail, the *Pioneer* factors, and the ruling in *Mendez*, weigh in his favor. In this case it is opposing counsel, not Evans, who purportedly has relied on the "vagaries of the mail." Additionally, the prejudice to the County is not significantly greater than it would have been if Evans had received the motion. It is possible, therefore, on a sufficient factual showing, for Evans to make out a claim for relief under Rule 60(b)(1) for excusable neglect.

However, Evans' motion fails to make such a sufficient factual showing. He has not, for example, submitted sworn testimony stating that he did not receive any notice of the motion for summary judgment. Furthermore, he does not explain how, when service by mail has reached him before, he failed to receive this particular notice. The County, on the other hand, has submitted a signed proof of service form, which strongly suggests that the notice of motion was properly delivered to, and received by, Evans. In the absence of any evidence that Evans did not receive the notice, and some explanation for the unusual circumstances, this court cannot grant the motion for

ORDER DENYING RELIEF FROM JUDGMENT WITHOUT PREJUDICE
No. C-03-05420 RMW
JAS 4

relief under Rule 60(b). Therefore, it is denied without prejudice to Evans' filing and serving a renewed motion making a sufficient showing of mistake, inadvertence or excusable neglect including a sworn affidavit or declaration explaining that he did not receive notice of the motion, how frequently he checked hhis mail in February 2008, what attempts he made to contact the County or court in 2008 and any other facts he has justifying relief. The renewed motion must be filed and served by May 29, 2009.

### III. ORDER

For the reasons stated above, the court denies Evans' motion for relief from judgment without prejudice to a renewed motion meeting the requirements Rule 60(b)(1) of this order.

DATED:     04/28/09                    *Ronald M Whyte*
                                       RONALD M. WHYTE
                                       United States District Judge

ORDER DENYING RELIEF FROM JUDGMENT WITHOUT PREJUDICE
No. C-03-05420 RMW
JAS                                               5

1 **Notice of this document has been sent to:**

**Plaintiff:**

Jamar James Evans
P. O. Box 25
Atwater, CA 95301
209-358-8909

**Counsel for Defendants:**

Neysa A. Fligor              neysa.fligor@cco.sccgov.org

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    04/28/09                              JAS
                                          **Chambers of Judge Whyte**