IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMAR JAMES EVANS,<br><br>    Plaintiff,<br><br>v.<br><br>UNKNOWN NAMES OF DEPARTMENT OF CORRECTIONS OFFICERS and SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS,<br><br>    Defendants. | No. C-03-05420 RMW<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket No. 136]** |

On August 5, 2004, plaintiff Jamar James Evans ("Evans"), *pro se* in this matter, filed an amended complaint against defendant Santa Clara County Department of Corrections ("the County"), seeking damages and other relief under 42 U.S.C. § 1983 for violation of his constitutional rights.[1] The County moves for summary judgment. For the reasons stated below, the court grants the motion.

---

[1] On February 20, 2008, Evans attempted to file a second amended complaint, changing his § 1983 claim to a claim under the California Tort Claims Act. As explained by the court in its September 11, 2008 order granting defendant's motion for summary judgment, a plaintiff cannot amend his complaint after an answer has been filed without leave of court. The County had filed an answer to plaintiff's complaint on July 3, 2006. Evans did not seek leave of court to file a second amended complaint. Moreover, if leave were granted, there would no longer be any basis for federal jurisdiction. Therefore, the relevant complaint remains the first amended complaint filed on August 5, 2004.

## I. BACKGROUND

In his amended complaint, Evans alleges that he was assaulted by five or six correctional officers when he was housed at the Santa Clara County Main Jail. He alleges these officers beat him unnecessarily during a booking, then stripped him and chained him for a prolonged period of time. Evans alleges that these officers used excessive force on him and thereby violated his civil rights.

On February 5, 2008, the County filed a motion for summary judgment. Evans did not file a written opposition to this motion, nor did he appear at the hearing held on March 14, 2008. On September 11, 2008, the court granted the County's motion for summary judgment and entered judgment in favor of the County and against Evans. On September 25, 2008 and on May 18, 2009, Evans moved for relief from the court's order granting summary judgment and judgment thereon. The court granted his second motion for relief from judgment based on Evans' declaration that he never received the motion for summary judgment. Pursuant to the court's order granting relief from judgment, opposition and reply briefs have been filed responding to the County's motion for summary judgment.

## II. ANALYSIS

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials but must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Id.*

Plaintiff has the burden of proof at trial. To prove liability for his § 1983 claim, plaintiff must show either: (1) through an affirmative act, the County violated his rights or directed its employees to do so, or (2) through its omissions, the County is responsible for a constitutional violation committed by its employees. *Gibson v. County of Washoe*, 290 F.3d 1175, 1185-86 (9th

Cir. 2002). If liability is based on the County acting affirmatively to violate his constitutional rights ("*Monell* Liability"), plaintiff must show that the unconstitutional act "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or was "pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). If, instead, liability is based on the County's omissions ("*Canton* Liability"), plaintiff must show: (1) a County employee violated his constitutional rights, (2) the County has customs or policies that amount to deliberate indifference, and (3) these policies were the moving force behind the County employee's violation of plaintiff's constitutional rights. *Gibson*, 290 F.3d at 1194; *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989).

### A. *Monell* Liability

Plaintiff contends that County employees engaged in the excessive use of force in violation of the Eighth Amendment. Assuming this to be true, plaintiff still must show that their use of excessive force was in accordance with either official policy or governmental custom in order to prove *Monell* liability. *Monell*, 436 U.S. at 690-91.

Plaintiff's allegation that excessive force was used pursuant to policy or custom appears to be based on his belief that the County failed to take corrective action against Department of Correction officers after having been notified of their unconstitutional behavior. He contends that this alleged failure to take corrective action shows the existence of a policy or custom of condoning unconstitutional behavior. The only evidence plaintiff presents to support his claim that the County failed to take corrective action is a letter from the Santa Clara County Department of Correction. Plaintiff appears to have misinterpreted the statement in the letter that "disclosure of the details concerning the corrective action taken against Department of Correction Officers is prohibited" to mean that the taking of corrective action itself is prohibited. Attach. No. 2 to Aff. in support of Pl.'s Opp'n ("DOC Letter"); *see* Pl.'s Opp'n at 10. However, the letter unambiguously states that his complaint regarding his treatment has been reviewed, investigated, and addressed at the supervisory level. DOC Letter. Nothing in the letter suggests that the Department of Correction failed to take

appropriate corrective action. Therefore, plaintiff has failed to present a genuine issue of material fact regarding the existence of a County policy or custom condoning unconstitutional behavior and thus cannot prevail on a theory of *Monell* liability.

### B. *Canton* Liability

Assuming as true plaintiff's contention that County employees violated his constitutional rights, plaintiff must still establish both: (1) the County has customs or policies that amount to deliberate indifference, and (2) these policies were the moving force behind the County employee's violation of plaintiff's constitutional rights, in order to prove *Canton* liability. *Gibson*, 290 F.3d at 1194. To establish deliberate indifference, plaintiff must show that the County was on actual or constructive notice that its omission would likely result in a constitutional violation. *Id.* at 1186. To prove that the policies were the moving force behind the County employee's violation of plaintiff's constitutional rights, plaintiff must show that the County could have prevented the constitutional violation with an appropriate policy. *Id.* at 1194.

Plaintiff makes three arguments for finding deliberate indifference. First, he contends that because County officers violated clearly established law by using excessive force against him for no reason, the County must have had policies or customs that amounted to deliberate indifference. However, a single incident of unconstitutional activity is insufficient to prove the existence of policy or custom. *Meehan v. County of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988). Second, plaintiff points to the County's alleged failure to take corrective action after having been put on notice of a constitutional violation as evidence of deliberate indifference. As discussed above, plaintiff failed to present any evidence showing that the County failed to take appropriate corrective action. Third, plaintiff argues that the County had a custom of deliberate indifference because Officer Souza, the alleged main tortfeasor, was the supervisor of all the Department of Corrections officers who participated in the alleged use of excessive force and had ordered the officers to use excessive force. The mere fact that Officer Souza held a position of supervisory authority and allegedly abused that position in violating plaintiff's constitutional rights does not show that the County was on actual or constructive notice that a constitutional violation would likely occur. The County cannot be held liable under § 1983 merely for having hired an employee who acted unconstitutionally. *Meehan*,

856 F.2d at 106-07. Accordingly, plaintiff has failed to present a genuine issue of material fact regarding the existence of County customs or policies that amount to deliberate indifference and thus cannot prevail on a theory of *Canton* liability.

III. ORDER

For the reasons stated above, the court grants the County's motion for summary judgment. Plaintiff's claims against the County are hereby dismissed.

DATED:  1/4/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been sent to:**

**Plaintiff:**

Jamar James Evans
P. O. Box 25
Atwater, CA 95301

**Counsel for Defendants:**

Neysa A. Fligor            neysa.fligor@cco.sccgov.org

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   1/5/10                                                  CCL
                                                          **Chambers of Judge Whyte**