**E-FILED on** 6/14/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMAR JAMES EVANS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN NAMES OF DEPARTMENT OF CORRECTIONS OFFICERS and SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS,<br><br>    Defendants. | No. C-03-05420 RMW<br><br>ORDER DENYING REQUEST FOR ADDITIONAL TIME TO FILE NOTICE OF APPEAL |

On January 5, 2010, the court entered judgment in favor of defendant Santa Clara County Department of Corrections. Plaintiff Jamar James Evans, *pro se* in this matter, filed a notice of appeal on March 12, 2010. The Ninth Circuit dismissed the appeal for lack of jurisdiction because the notice of appeal was not filed within 30 days from the entry of judgment. Evans claims that the notice of judgment was not mailed to him until February 10, 2010 and seeks additional time to file his notice of appeal. Federal Rule of Civil Procedure 77 provides that "[l]ack of notice of the entry [of judgment] does not affect the time for appeal or relieve – or authorize the court to relieve – a party for failure to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)." Fed. R. Civ. P. 77(d)(2).

To the extent Evans' request may be construed as a motion for relief from judgment, the motion is denied. The time for filing an appeal is tolled while a party files a motion for relief under Federal Rule of Civil Procedure 60 only if the motion is filed no later than 28 days after judgment is entered. Fed. R. App. P. 4(a)(4)(A)(vi). Evans did not file a motion for relief from judgment within 28 days from January 5, 2010, the date of entry of judgment.

To the extent his request may be construed as a motion to reopen the time to file an appeal, the motion is denied. A court may only reopen the time to file an appeal if "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6). At the latest, Evans must have received notice of entry of judgment by March 10, 2010, the date of his notice of appeal (which was filed at the district court on March 12, 2010). He did not move to reopen the time to file an appeal within 14 days of March 10, 2010.

To the extent his request may be construed as a motion to extend the time to file a notice of appeal, the motion is denied. A court may only extend the time to file a notice of appeal if the party "so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5). The time for filing a notice of appeal expired on February 4, 2010, 30 days after the entry of judgment. Evans has not moved for an extension of time to file a notice of appeal within 30 days of February 4, 2010.

DATED:     6/14/10

RONALD M. WHYTE
United States District Judge

ORDER DENYING REQUEST FOR ADDITIONAL TIME TO FILE NOTICE OF APPEAL
No. C-03-05420 RMW
CCL                                                            2